IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Matthew Roberts,**

      **Plaintiff,**

**v.**                                                                 **Case No. 16-2720-JWL**

**Michael Scarcello; Freebird**
**Communications, Inc.; and**
**Freebird Communications, Inc.**
**Profit-Sharing Trust,**

      **Defendants.**

## **MEMORANDUM & ORDER**

In May 2015, plaintiff filed a state court petition against defendants seeking, among other things, an injunction precluding defendants from taking any action that would harm the favored tax treatment of an employee stock ownership plan and a declaratory judgment that plaintiff is entitled to redemption of his stock. In September 2016, plaintiff amended his petition to add additional state law claims. Thereafter, defendant Freebird Communications, Inc. Profit-Sharing Plan removed the case to this court on the grounds that plaintiff's claims for injunctive and declaratory relief are preempted by ERISA § 502(a).

Despite the fact that defendant is seeking removal based on claims that appeared in the original petition filed more than 18 months ago, plaintiff does not dispute that the removal petition is timely because the original petition was never served on the removing defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (a defendant's statutory period to remove does not begin to run, and a defendant is not required to remove, until

the defendant has been served).[1]  Asserting that removal was improper because his claims are not preempted by ERISA, plaintiff has moved to remand this case to state court.  As will be explained, the motion is granted.

*Background*

As described by plaintiff Matthew Roberts, this case is about a "business divorce" between two individuals—Mr. Roberts and defendant Michael Scarcello.  In his amended petition, plaintiff Matthew Roberts alleges that he and Mr. Scarcello, in 2001, decided to go into business for themselves to provide equipment and expertise with respect to audio-video satellite uplink for television broadcasting.  Thus, Mssrs. Roberts and Scarcello formed the corporate entity Freebird Communications, Inc. as well as Freebird Communications, Inc. Profit-Sharing Trust (the "Trust" or "Plan"), which was funded by the "rolled over" retirement accounts of Mssrs. Roberts and Scarcello to avoid the taxes and penalties associated with liquidating their retirement funds for the start-up of the business.  Mssrs. Roberts and Scarcello are both Trustees of the Trust.  The Trust holds 94% of the shares of Freebird Communications, Inc. and Mssrs. Roberts and Scarcello each held three percent of the shares individually.

Over the years, the working relationship between Mr. Roberts and Mr. Scarcello began to deteriorate.  In 2013, Mr. Roberts began efforts to buy Mr. Scarcello's interest in the business and dissolve the partnership.  Negotiations ultimately broke down after the parties obtained vastly different valuations of the business from their respective business valuation experts.

---

[1] The Plan has not yet been served with the amended petition either, but plaintiff does not contend that service is a prerequisite to removal.

2

Thereafter, Mr. Roberts resigned as President of Freebird Communications, Inc. but continues to own stock in his own name as well as shares held by the Trust for his benefit. Since Mr. Roberts' resignation, Mr. Scarcello has sought to remove Mr. Roberts as a Trustee of the Trust.

*Analysis*

The jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress. *Hansen v. Harper Excavating, Inc*., 641 F.3d 1216, 1220 (10th Cir. 2011). A case that is filed in state court may be removed to federal court by the defendant, but only if it is one "of which the district courts of the United States have original jurisdiction." *Id*. (quoting 28 U.S.C. § 1441(a)). Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complain. *Id*. (citing *Felix v. Lucent Techs., Inc*., 387 F.3d 1146, 1154 (10th Cir. 2004)). The Supreme Court, however, has recognized an exception to the well-pleaded complaint rule for a narrow category of state-law claims that can independently support federal jurisdiction and removal. *Id*. (citing *Felix*, 387 F.3d at 1154). These claims are "completely preempted" because they fall within the scope of federal statutes intended by Congress completely to displace all state law on the given issue and comprehensively to regulate the area. *Id*. at 1221. As the Tenth Circuit has explained,

> [u]nlike ordinary preemption, which is a federal defense to a state-law claim under the Supremacy Clause of the Constitution that does not render a state-law claim removable to federal court, complete preemption makes a state-law claim "purely a creature of federal law," and thus removable from state to federal court from the outset.

3

*Id*. (citations omitted).[2]

The Supreme Court "has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987)). Section 502(a) of ERISA authorizes civil actions "(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* (quoting ERISA § 502(a)(1)(B)). Under *Taylor*, a state-law suit that falls within the scope of this section may be removed to federal court via complete preemption. *Id*. In *Aetna Health Inc. v. Davila*, the Supreme Court held that a claim falls within the scope of ERISA § 502(a)

> [W]here the individual is entitled to such [claimed] coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

542 U.S. 200, 210 (2004) (citation omitted). Therefore, if a state-law claim is for benefits due or claimed under an ERISA-regulated plan, or to enforce or clarify rights under a plan, and no legal duty independent of ERISA is implicated in the claim, then the state-law suit falls within § 502(a) and may be removed to federal court. *Id*.

---

[2] In addition to the complete preemption created by § 502(a), ERISA contains a separate provision, § 514(a), that substantively preempts state laws. *See Hansen*, 641 F.3d at 1221. This provision, however, creates only ordinary—rather than complete—preemption. *Id*. In other words, that provision creates a federal defense of preemption but it does not of its own force create federal jurisdiction. *Id*.

4

The court, then, must determine whether plaintiff's claims for injunctive and declaratory relief fall within the scope of ERISA § 502(a).[3] Plaintiff's claim for injunctive relief seeks to preclude defendants from taking any action that would jeopardize the favorable tax treatment of the Plan under the Internal Revenue Code. Defendants fail to explain how plaintiff could have brought this claim under § 502(a) when the claim does not seek a determination of benefits and which seeks to enjoin not a violation of the terms of the Plan but a violation of the tax code. Indeed, the Tenth Circuit has held that a Plan's failure to meet the requirements for favorable tax treatment under the Internal Revenue Code—or an action that causes a Plan to lose its favorable tax status—is not a violation of ERISA and does not give rise to a private right of action under ERISA. *See Stamper v. Total Petroleum, Inc. Retirement Plan*, 188 F.3d 1233, 1237-39 (10th Cir. 1999) (citing *Reklau v. Merchants Nat. Corp.*, 808 F.2d 628, 631 (7th Cir. 1986) (holding that Title 26 U.S.C. § 401 of the Internal Revenue Code did not create any substantive rights that could be enforced by an individual as a participant or beneficiary of a tax qualified pension plan).

Plaintiff's claim for declaratory relief seeks, among other things, a determination that he is entitled to redemption of his stock consistent with the terms of the Plan and the terms of a "partnership and joint venture agreement" executed by the parties. Defendants urge that plaintiff clearly could have brought this claim under § 502(a)(3) which provides that a participant, beneficiary or fiduciary may file a civil action to "enforce any . . . terms of the

---

[3] Defendants do not assert that ERISA preemption applies to plaintiff's remaining claims, but contend only that the court should exercise supplemental jurisdiction over those claims.

plan."[4]  But the first prong of *Davila* is satisfied if the claim asserts rights to which the plaintiff is entitled "*only* because of the terms of an ERISA-regulated employee benefit plan." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130 (10th Cir. 2014) (quoting *Davila*, 542 U.S. at 210 (emphases added).  The amended petition clearly alleges that plaintiff is entitled to redemption of his stock pursuant to the parties' partnership and joint venture agreement in addition to the Plan itself.  Moreover, because plaintiff seeks to enforce contracts in addition to the Plan, the claim also fails the second prong of the *Davila* preemption test, which requires that no "independent legal duty" other than ERISA be implicated. *Id*. (quoting *Davila*, 542 U.S. at 210).  Defendants, then, have not shown on this record that plaintiff's claims are subject to complete ERISA preemption.  *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (removing party bears burden of establishing jurisdiction).

Defendant further asserts that removal is appropriate because defendants have asserted counterclaims under ERISA § 502(a); defendants have expressly asserted ERISA preemption under § 514 as an affirmative defense in their answer to the amended petition; and the resolution of the claims in this case will have an economic impact on the Plan.  None of these asserted bases establish federal jurisdiction for purposes of removal.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60-62 & n.17 (2009) (while complete preemption doctrine permits a plaintiff's cause of action to be recast as a federal claim for relief, counterclaims that rely exclusively on federal

---

[4] While *Davila* discussed complete preemption by reference to § 502(a)(1)(B), the doctrine clearly applies to the other subparts of § 502(a) as well. *See Fossen v. Blue Cross & Blue Shield of Montana, Inc.,* 660 F.3d 1102, 1107 (9th Cir. 2011) (collecting cases); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.").

substantive law do not qualify a case for federal court cognizance); *Felix*, 387 F.3d at 1156 (ERISA preemption under § 514 is not sufficient for removal jurisdiction; state court free to consider dismissal under § 514's conflict preemption provision); *Davila*, 542 U.S. at 210 (state law claims may be removed pursuant to ERISA only if claim is for benefits due or claimed under an ERISA-regulated plan, or to enforce or clarify rights under a plan, and no legal duty independent of ERISA is implicated in the claim).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 5) is granted.

**IT IS FURTHER ORDERED THAT** this case is remanded to the District Court of Johnson County, Kansas.

Dated this 17th day of January, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge