# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Matthew Roberts,**

        **Plaintiff,**

**v.**                                            **Case No. 16-2720-JWL**

**Michael Scarcello; Freebird**
**Communications, Inc.; and**
**Freebird Communications, Inc.**
**Profit-Sharing Trust,**

        **Defendants.**

## **MEMORANDUM & ORDER**

In May 2015, plaintiff filed a state court petition against defendants seeking, among other things, an injunction precluding defendants from taking any action that would harm the favored tax treatment of an employee stock ownership plan and a declaratory judgment that plaintiff is entitled to redemption of his stock. In September 2016, plaintiff amended his petition to add additional state law claims. Thereafter, defendant Freebird Communications, Inc. Profit-Sharing Plan ("the Plan") removed the case to this court on the basis of ERISA preemption. Asserting that removal was improper, plaintiff moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c). In January 2017, the court granted plaintiff's motion and remanded the case to state court under § 1447(c) for lack of subject matter jurisdiction. Exactly one year later, the Plan now moves for relief from the court's remand order under Federal Rule of Civil Procedure 60(b)(1). The motion is dismissed for lack of jurisdiction.

In its motion, the Plan urges the court to vacate its remand order based on the court's "mistaken" analysis of the pertinent issues. In response, plaintiff challenges the merits of the

Plan's motion and asserts that reconsideration is not warranted, in any event, because the Plan did not seek reconsideration within a reasonable time after entry of the remand order. Neither party touches on the critical threshold issue of whether the court even has the authority to revisit its remand order. On that issue, the vast majority of courts have held that a district court may not reconsider its own remand order. As will be explained, the court agrees with the persuasive reasoning of these courts.

Section 1447(d) of Title 28 of the United States Code prohibits a court from reviewing a remand order "on appeal or otherwise." 28 U.S.C. § 1447(d).[1] Although the Tenth Circuit has not yet ruled whether 28 U.S.C. § 1447(d) forecloses a district court's reconsideration of its own remand order, every Circuit court that has addressed the issue has held that it does. The Eleventh Circuit, for example, has held that § 1447(d)'s provision of nonreviewability precludes reconsideration by a district court of its own remand order. *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (district court lacked jurisdiction to review remand order). In *Harris*, the Eleventh Circuit followed the lead of the First Circuit in *In re La Providencia Development Corp.*, 406 F.2d 252 (1st Cir. 1969). In that case, the First Circuit explained the rationale for the rule:

> Removal . . . to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

---

[1] As clarified by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), § 1447(d) prohibits review of all remand orders issued pursuant to § 1447(c)—that is, remand orders issued under § 1447(c) and invoking the grounds specific therein. This court remanded this case under § 1447(c) for lack of jurisdiction. It is undisputed, then, that § 1447(d) at a minimum precludes appellate review of the court's remand order.

> . . . .
>
> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one shot, right or wrong.

*Id*. at 252–53.  Every other Circuit that has addressed the issue has similarly held that a district court lacks jurisdiction under § 1447(d) to revisit its own remand order so long as that order was issued under § 1447(c).  *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005) ("We agree with the district court here, and with our sister circuits, that the 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding cases on section 1447(c) grounds."); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996) ("Indisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court."); *Seedman v. United States Dist. Ct. for Central Dist. of Cal*., 837 F.2d 413, 414 (9th Cir. 1988) (The language of § 1447(d) has been "universally construed to preclude not only appellate review but also reconsideration by the district court."); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) ("Not only may [a remand] order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter."); *see also Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 226 (3d Cir. 1995) ("[O]ur precedent suggests a district court would lack jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to the state court.").

The court also notes that numerous district courts within the Tenth Circuit have held that § 1447(d) precludes reconsideration of a § 1447(c) remand order.  *See, e.g*., *New Mexico Center on Law & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1243-44 (D.N.M. Nov. 5, 2014) (collecting

3

cases); *Alliance Construction Solutions of Wyoming, LLC v. International Fidelity Ins. Co.*, 2013 WL 1828593, at *1 (D. Colo. Apr. 29, 2013); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999) ("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review.").

In the end, the court believes that the Tenth Circuit, when faced with the issue, will follow every other Circuit decision resolving this issue and will conclude that § 1447(d) precludes a district court from reconsidering its own order remanding a case on § 1447(c) grounds. For that reason, the court follows the well-reasoned authorities cited herein and dismisses defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for relief from judgment (doc. 16) is **dismissed**.

Dated this 6th day of February, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge